UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

TOPAS, a Florida joint venture, and
RINCON NICA RESTAURANT INC
D/B/A RINCON NICA RESTAURANT,

    Defendants.

_____/

# COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a

residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5. At all times material, Defendant, TOPAS, a Florida joint venture, owns a place of public accommodation with a commercial shopping plaza at 4355 West 16th Avenue, Hialeah, Florida 33012 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6. At all times material, Defendant, TOPAS, was and is a Florida Joint Venture organized under the laws of the State of Florida, with its principal place of business in Hallandale, Florida.

7. At all times material, Defendant, RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, owns a place of public accommodation, a commercial shopping restaurant, at 4395 West 16th Avenue, Hialeah, Florida 33012 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, RINCON NICA RESTAURANT INC, holds itself out to the public as "RINCON NICA RESTAURANT."

8. At all times material, Defendant, RINCON NICA RESTAURANT INC, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property and restaurant business is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUG LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendants, TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, own, operate, and oversee the Commercial Property, its general parking lot and parking spots.

15. The subject Commercial Property is open to the public and located in Hialeah, Florida.

16. Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others

like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

17. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Longhini is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

18. The subject Commercial Property is open to the public and is located in Hialeah, Miami-Dade County, Florida. The individual Plaintiff frequents the Commercial Property, to include a visit on April 28, 2023, and continues patronage through the filing of this Complaint. The Plaintiff has encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is approximately seventeen (17) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered at the places of public accommodation and check if it has been remediated of the ADA violations he encountered.

19. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The

barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

21. Defendants, TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.

22. Defendants, TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, are responsible for complying with the obligations of the ADA.

23. The place of public accommodation that Defendants, TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, own and/or operate is located at 4355 West 16th Avenue, Hialeah, Florida 33012.

24. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

25. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS AS TO DEFENDANT, TOPAS, A FLORIDA JOINT VENTURE

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

27. Defendant, TOPAS, a Florida joint venture, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Routes

   i. Plaintiff was unable to exit his vehicle at the Commercial Property without assistance due to existing cross slopes in the access aisle that serves the designated disabled parking space. Violation: Accessible spaces lack clear and level aisles, they have slopes or cross slope of 6.8% (>2%), violating Section 502 of the ADAAG and ADAS, whose resolution is readily achievable.

   ii. The access aisle that serves the designated accessible parking space nearest to the Commercial Plaza has a running slope that is greater than 4%. Violation: Accessible spaces lack clear and level aisles, they have slopes or cross slope of 4.4% (>2%), violating Section 502 of the ADAAG and ADAS, whose resolution is readily achievable.

   iii. Access aisle that serves the other accessible parking space in the Commercial Property has a running slope that is 7%. Violation: Accessible spaces lack clear and level aisles, they have slopes or cross slopes of 7.4% (>2%), violating Section

6

      502 of the ADAAG and ADAS, whose resolution is readily achievable.

  iv.    The curb ramp at the Commercial Plaza protrudes into the access aisles.

      Violation: Plaintiff could not safely unload as ramps protrude into the parking areas or access aisles at the Commercial Plaza, creating slopes of 7.4%, violating Section 4.8 of the ADAAG and Section 406.5 of the 2010 ADAS, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS AS TO DEFENDANTS, TOPAS, A FLORIDA JOINT VENTURE, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT

28.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.    Defendants, TOPAS, a Florida joint venture, and RINCON NICA RESTAURANT INC D/B/A RINCON NICA RESTAURANT, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

  i.    The counters are mounted at a height that is greater than 36". Violation: Counters are greater than 36", preventing use by the Plaintiff and violating Section 7.2 (1) of the ADAAG, whose resolution is readily achievable.

B. <u>Restrooms</u>

  i.    The restroom door is fitted with an improper doorknob. Violation: The Plaintiff cannot access the restroom at the Commercial Property because the restroom has

7

|      |   |
|------|---|
| | improper hardware, violating Section 4.13.9 of the ADAAG, whose resolution is readily achievable. |
| ii. | The lavatory rim in the restroom is mounted at a height that is greater than 34". Violation: Sinks mounted 35.25" (34" maximum) to rims, denying access to Plaintiff and violating Section 4.24 of the ADAAG and Section 606 of the 2010 ADA, whose resolution is readily achievable. |
| iii. | The lavatory in the restroom lacks the required knee clearance. Violation: Sink knee clearance (27" minimum at 8" deep) prevents the Plaintiff from accessing sink, which violates Section 306 of the ADAAG and 2010 ADAS, whose resolution is readily achievable. |
| iv. | The lavatory in the restroom is fitted with improper controls, preventing the Plaintiff from washing his hands. Violation: Sink lacks proper control or insulation required preventing the Plaintiff from using controls, violating Section 306 of the ADAAG and 2010 ADAS, whose resolution is readily achievable. |
| v. | The bottom reflective surface of the mirror in the restroom is mounted at a height that is greater than 40" AFF. Violation: The Plaintiff was unable to use the mirror due to bottom-reflecting surface 41" AFF (40" AFF max), violating the ADAAG and 2010 ADAS, whose resolution is readily achievable. |
| vi. | The paper towel dispenser in the restroom at the Commercial Property is unusable by Plaintiff due to it being mounted at a height that is greater than 48" AFF. Violation: The Plaintiff is unable to reach dispenser controls 57" AFF (48" AFF maximum), which exceed limits in ADAAG and 2010 ADAS Section 308, whose resolution is readily achievable. |

    vii.    The stall door in the Commercial Property is not self-closing, and it is fitted with improper hardware. Violation: Stall door is not self-closing and lacks proper hardware, preventing use by Plaintiff, violating Section 604 of the 2010 ADAS, whose resolution is readily achievable.

    viii.    Grab bars and transfer space are not provided in the restroom stall at the Commercial Property. Violation: Grab bars and/or transfer space not provided in the stall, endangering the Plaintiff, violating Section 4.17 of the ADAAG, whose resolution is readily achievable.

    ix.    The toilet centerline in the restroom is greater than 18" from the side wall. Violation: Toilet has improper centerline 20.5" from side wall; (16" to 18"), denying access to Plaintiff and violating the 2010 ADAS, whose resolution is readily achievable.

**RELIEF SOUGHT AND THE BASIS**

30. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

31. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

32. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all

those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by each Defendant.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 4355 West 16th Avenue, Hialeah, Florida 33012, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement

of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 10, 2024

        **GARCIA-MENOCAL & PEREZ, P.L.**
        *Attorneys for Plaintiff*
        350 Sevilla Avenue, Suite 200
        Coral Gables, Florida 33134
        Telephone: (305) 553-3464
        Facsimile: (855) 205-6904
        Primary E-Mail: ajperez@lawgmp.com
        Secondary E-Mails: bvirues@lawgmp.com; jacosta@lawgmp.com

        By: ___/s/ *Anthony J. Perez*_____
            ANTHONY J. PEREZ
            Florida Bar No.: 535451
            BEVERLY VIRUES
            Florida Bar No.: 123713